FILED & JUDGMENT ENTERED

Christine F. Ramsey

May  19  2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
25-31429

IN RE:

ANNE MARIE BROOKS,                                    Chapter 7
          Debtor.

## CONSENT ORDER GRANTING MOTION FOR AUTHORITY TO REDEEM PERSONAL PROPERTY AND APPROVAL OF ASSOCIATED FINANCING AND ATTORNEY FEES UNDER 11 U.S.C. § 722

THIS CAUSE coming on before the undersigned United States Bankruptcy Judge upon the Motion for Authority to Redeem Personal Property and Approval of Associated Financing and Attorney Fees filed by the Debtor, pursuant to 11 U.S.C. § 722 and Bankruptcy Rule 6008, and the Objection thereto filed on behalf of Exeter Finance, LLC (hereinafter "Exeter") and it appearing to the Court that the parties have agreed to resolve the matter and enter into this Consent Order and that each undersigned counsel represents that they have authority to bind his or her client to the terms hereof;

NOW THEREFORE, based on a review of the Motion and the record in this case, the Court does hereby find the following facts, states its conclusions of law thereon, and enters its Order as follows:

FINDINGS OF FACT

1.  Debtor filed her voluntary Chapter 7 petition in this case on December 31, 2025.

2.  On her Schedule B, Debtor listed a 2021 Nissan Altima.

3. Exeter Finance, LLC (hereinafter "Exeter" or "Creditor") is listed as a creditor in Debtor's Schedule D, with a claim secured by said vehicle in the estimated amount of $23,671.92.

4.   The interest of the Debtor in such property is exempt or has been abandoned by the estate and the debt which is secured by said property to the extent of the allowed secured claim of Creditor is a dischargeable consumer debt.

5.   The parties agree that the allowed secured claim of Creditor for purposes of redemption, the "redemption value," should be determined to be $15,600.

6.   Arrangements have been made by the Debtor to pay to Creditor the amount of $15,600.

7.   The payment for this proposed redemption is to be financed through 722 Redemption, LLC (hereinafter "722 Redemption").

8.   The monthly amount, term of the payments and the overall amount of the repayment will be decreased significantly through the proposed redemption.  Moreover, the Debtor has agreed to borrow and disperse additional funds in the amount of $450.00 from her redemption loan to undersigned counsel for Debtor for representation of the Debtor in regard to this Motion to redeem, such compensation being in addition to that previously disclosed and being for services rendered beyond the scope of the legal services to have been rendered for such compensation heretofore disclosed.

CONCLUSIONS OF LAW

1.   The interest of the Debtor in the subject vehicle is exempt or has been abandoned by the estate, and the debt secured by said property, to the extent of the allowed secured claim of Exeter, is a dischargeable consumer debt.

2.   The foregoing facts constitute sufficient case to allow Debtor to redeem the subject vehicle in accordance with the terms of this Order, pursuant to 11 U.S.C. § 722.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   That the allowed secured claim of Exeter for purposes of redemption is hereby determined to be $15,600;

2.   That the Debtor may redeem the 2021 Nissan Altima for its redemption value of $15,600 by paying this amount in a lump sum to Exeter on or before the thirtieth (30th) day following entry of this Order;

3.   That the Debtor is hereby allowed to finance the redemption through 722 Redemption as set forth herein;

4.   That, upon timely receipt of payment of the redemption funds, Exeter is ordered to cancel its lien of record and surrender the certificate of title to the subject vehicle in accordance with the Debtor's instruction;  and

6.  That, in the event of the failure of Exeter to cancel its lien on the subject vehicle within three (3) days after payment of the aforesaid lump sum, then this Order shall serve as an authorization for the said lien to be canceled, and it is further Ordered that the North Carolina Division of Motor Vehicles shall cancel the lien of record.


WE CONSENT:

*/s/ Vera S. Goudes*
Vera S. Goudes, Attorney for Debtor

*/s/ Eudora F. S. Arthur*
Eudora F.S. Arthur, Attorney for Exeter Finance, LLC

NO OBJECTION BY:

*/s/ Cole Hayes*
Cole Hayes, Chapter 7 Trustee



**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**